[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. CR 14-359431;
Christopher Cosgrove, Esq., Defense Counsel, for Petitioner Christopher Morano, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of one count of conspiracy to distribute narcotics in violation of General Statutes Sec. 21a-277 (a), 53a-48 (a) and a sentence of ten years with execution suspended after eight years with three years probation was imposed.
The conviction here is based upon evidence that the Hartford police identified an apartment at 286 Enfield Street as a source of drugs being illegally sold. A search warrant executed on this premises led to the arrest and ultimate conviction of petitioner and others who were in the process of packaging bulk cocaine into smaller bags. A weapon and money were also found in the area.
At the time, petitioner was twenty years of age with no previous convictions. At the hearing before the division, petitioner's attorney stressed his client's minimal involvement in the crime, his tender age and the fact that he has a strong supportive family. It was also pointed out that other participants in the offense who pleaded guilty received lesser sentences.
Speaking on his own behalf, petitioner stated that he had learned quite a bit in prison and had changed his life style. His attorney also mentioned petitioner's fine record in prison.
The attorney also stated that petitioner did not receive credit for over one year which he spent in jail awaiting trial.
A reduction to five years was urged.
The state's attorney pointed out that petitioner had a substantial sum of money and a beeper on his person when arrested, indicating more serious involvement in the sale of narcotics. He argued that the sentence should not be reduced.
The sentencing judge appears to have considered all of the valid factors presented by petitioner here before imposing CT Page 10502 sentence. The judge also considered petitioner's lack of credibility and the level of his involvement in the sale of narcotics.
Trafficking in narcotics is a most serious offense for which heavy penalties have been provided by the legislature. When individuals engage in this commerce for profit, appropriate penalties should be imposed.
It cannot be found that the sentence imposed is inappropriate or unduly harsh in light of the nature of the offenses and requirement to protect the public interest. The sentence should not be modified.
Sentence affirmed.
PURTILL, JUDGE KLACZAK, JUDGE NORKO, JUDGE
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.